April 19, 2023

Via CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re:   *Billard v. Charlotte Catholic High School*, No. 22-1440

**Response to Rule 28(j) Notice of Supplemental Authority for *Slattery v. Hochul*, 61 F.4th 278 (2d Cir. 2023)**

Dear Ms. Connor



National Office
125 Broad Street
18th Floor
New York, NY 10004
aclu.org

**Deborah N. Archer**
President

**Anthony D. Romero**
Executive Director

*Slattery* is the first—and only—circuit decision to hold that the freedom of expressive association provides a viable defense to engage in employment discrimination. *Slattery* does so by mistakenly equating an expressive association's *membership* with its *employees*. The panel decision cites no precedent to support that radical extension and ignores Supreme Court precedent rejecting a purported "expressive association" defense to Title VII.

*Slattery* misses the fundamental distinction between *direct* burdens and *incidental* ones, which is a cornerstone of First Amendment law. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011); *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991); *United States v. O'Brien*, 391 U.S. 367 (1968). Unlike laws directly regulating an association's membership policies or volunteer leadership positions, laws regulating an association's commercial conduct have only an incidental effect on the right to expressive association. *See Boy Scouts of Am. v. Dale*, 530 U.S. 640, 659 (2000) (explaining that incidental burdens on an expressive association are judged under *O'Brien*, not strict scrutiny); Pls.' Br. 43-45.

According to *Slattery*, the burdens imposed by New York's law were not incidental because they were "severe." 61 F.4th at 287. But to determine the level scrutiny, the question is not whether the burden is severe, but whether it is *direct*. *See Dale*, 530 U.S. at 659. Only after determining that the burden in *Dale* "directly and immediately affect[ed] association rights" and, "[t]hus, *O'Brien* [wa]s inapplicable," did the Court apply strict scrutiny and consider whether the burden was "severe." *See id.*

Recognizing an "expressive association" right to engage in employment discrimination would have radical, destabilizing consequences. Massachusetts Amicus 16-18. If governmental restrictions on employment discrimination were subject to the same strict scrutiny that applies to government restrictions on a

group's membership and volunteer leaders, it is difficult to see what non-discrimination protections would ever survive an organization's assertion that a particular employee is "not desire[d]." *Slattery*, 61 F.4th at 287.

Sincerely,

/s/Joshua A. Block

Joshua A. Block

*Counsel for Plaintiff-Appellee Lonnie Billard*

Word count: 324



National Office
125 Broad Street
18th Floor
New York, NY 10004
aclu.org

**Deborah N. Archer**
President

**Anthony D. Romero**
Executive Director