

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / 🐦 @BecketLaw
www.becketlaw.org

June 30, 2023

VIA CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

**Re:  *Billard v. Charlotte Catholic High School*, No. 22-1440**
**Rule 28(j) Notice of Supplemental Authority and**
**Notification Required by the Court's April 21, 2023 Order**

> *303 Creative v. Elenis*, No. 21-476 (Sup. Ct.) (attached as **Exhibit 1**)

Dear Ms. Connor:

In *303 Creative*, a business challenged a nondiscrimination law that required the business to design websites for same-sex weddings if it designed websites for opposite-sex weddings. The Court ruled in favor of the business, concluding that requiring the business to design websites contrary to the owner's religious beliefs would "represent an impermissible abridgement of the First Amendment[]." Op.11. *303 Creative* supports the Diocese.

First, this case is easier than *303 Creative*. The object of the nondiscrimination law here is not a for-profit business but a church and religious school—"the archetype of associations formed for expressive purposes," *Hosanna-Tabor v. EEOC*, 565 U.S. 171, 200-01 (2012) (Alito, J., joined by Kagan, J., concurring). And the regulated conduct is not the sale of services to the public, but the selection of teachers to embody the faith in a Catholic school. If the First Amendment protects a business's decision about which services to offer the public, it *a fortiori* protects a church's decision about who is religiously qualified to fulfill the mission of a religious school. Reply 17-21.

Second, *303 Creative* rejects Billard's argument that the First Amendment is inapplicable to any "commercial transaction." Resp.43-45. As the Court said: "Does anyone think a speechwriter loses his First Amendment right to choose for whom he works if he accepts money in return?" Op.16; Reply 22-23.



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / 🐦 @BecketLaw
www.becketlaw.org

Third, *303 Creative* rejects Billard's attempt to dismiss the burden on expression as "incidental." 28(j) Response (April 19, 2023). As the Court said, a burden on speech is not "incidental" when it "'alter[s]' the 'expressive content' of [the] message." Op.19. Likewise, a burden on association is not "incidental" when it alters the expressive composition of the association.

Finally, *303 Creative* rejects Billard's reliance on *Hishon*, 467 U.S. 69, and *Roberts*, 468 U.S. 609. The dissent's reliance on these cases, the Court said, "disregards *Dale*'s holding that context matters and that very different considerations come into play when a law is used to force individuals to toe the government's preferred line" when "associating to express themselves" on "matters of significance." Op.22 n.6; Reply 22. So too here.

Sincerely,

*/s/ Luke W. Goodrich*

Joshua Daniel Davey
Troutman Pepper Hamilton
  Sanders LLP
301 South College Street
  34th Floor
Charlotte, NC 28202
(704) 916-1503
joshua.davey@troutman.com

Luke W. Goodrich
Nicholas R. Reaves
Laura Wolk Slavis
The Becket Fund for
  Religious Liberty
1919 Pennsylvania Ave. N.W.,
  Ste. 400
Washington, DC 20006
(202) 955-0095
lgoodrich@becketlaw.org

*Counsel for Defendants-Appellants*

Word Count: 347