


July 5, 2023

Via CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re: *Billard v. Charlotte Catholic High School*, No. 22-1440

**Response to Rule 28(j) Notice of Supplemental Authority for** *303 Creative v. Elenis*, No. 21-476 (Sup. Ct.)

Dear Ms. Connor:

*303 Creative* confirms that this Court should not follow the Second Circuit's erroneous holding in *Slattery v. Hochul*, 61 F.4th 278 (2d Cir. 2023). As *303 Creative* demonstrates, there is a critical difference between laws directly regulating "pure speech" and laws regulating commercial activity that incidentally burdens speech. Based on the parties' stipulations, the Court stated that 303 Creative's products were "pure speech," Op. 6, 9, 16, 20, and that Colorado sought to compel speech "to excise certain ideas and viewpoints from the public dialogue," Op. 10-11, and "eliminat[e]" ideas," Op. 22. These restrictions on "pure speech" could not be characterized as "incidental" under *United States v. O'Brien*, 391 U. S. 367 (1968). *See* Op. 19-20, 22. By contrast, the Court rejected the dissent's assertion that its decision opened the door to discrimination in employment. *See* Op. 21.

The *Slattery* panel ignored that distinction. Laws directly regulating an expressive association's membership or volunteer leadership positions are subject to strict scrutiny because they are direct regulations of pure expressive association. *See* Op. 22. But employment discrimination is not "pure speech," and an employer-employee relationship is not itself an expressive association. To the extent that employment regulations indirectly affect an expressive association's ability to communicate a desired message, those burdens continue to be evaluated under *O'Brien*.

Title VII does not compel Defendants to express any message or to admit anyone as members of their church. Nor does it require Defendants to alter their message or "toe the government's preferred line" with respect to marriage and other issues of

125 Broad Street, Floor 18, New York, NY 10004 | jblock@aclu.org | 212-549-2593




public significance. Contra Defendants' 28(j) Letter at 2. The ministerial exception provides yet additional protections for Defendants to hire and fire employees with religious functions or entrusted with responsibility for instructing students in the faith. But Defendants have stipulated that Mr. Billard was not a ministerial employee. And, just as Colorado could not escape the First Amendment principles that followed from its stipulations in *303 Creative*, Defendants cannot maneuver around their stipulation by claiming an "expressive association" right to fire non-ministerial employees.

Sincerely,

/s/Joshua A. Block
Joshua A. Block

*Counsel for Plaintiff-Appellee Lonnie Billard*

Word count: 342