

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

July 10, 2023

VIA CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re: *Billard v. Charlotte Catholic High School*, No. 22-1440
    Rule 28(j) Notice of Supplemental Authority

   *Braidwood Mgmt., Inc. v. EEOC*, --- F.4th ----, No. 22-10145, 2023 WL 4073826 (5th Cir. June 20, 2023) ("Op."), attached as **Exhibit 1**

Dear Ms. Connor:

In *Braidwood*, a for-profit business with religious objections to "homosexual and transgender conduct" sued the EEOC, alleging that interpreting Title VII to require it to employ individuals who engaged in that conduct would violate Title VII, RFRA, and the First Amendment. The business prevailed, and the Fifth Circuit affirmed. Op.34-39. *Braidwood* supports the Diocese in multiple respects.

First, the *Braidwood* district court held that Title VII's religious exemption protects religious employers from sex-discrimination claims under *Bostock*—confirming the same interpretation of the exemption the Diocese urges here. *See* Br.30 (citing *Braidwood* district court opinion (*Bear Creek v. EEOC*)). "No party appeal[ed] this ruling," and the Fifth Circuit didn't question it. Op.33-34.

Second, the Fifth Circuit held that RFRA also required an exemption, citing *Bostock*'s statement that "RFRA 'might supersede Title VII's commands in appropriate cases.'" Op.38. So too here. The outcome doesn't change simply because a private party sued rather than the EEOC. Br.53-59.

Third, the court recognized that "a customer at a Braidwood business" "can rationally believe that if a cross-dressing employee served her, Braidwood, despite professions of Christian belief, endorses that conduct." Op.37 n.57. Likewise, if



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

Charlotte Catholic retains a teacher who enters a same-sex union, students may "rationally believe" that Charlotte Catholic "endorses that conduct." That is why this suit violates the expressive-association doctrine. Br.48-49.

Fourth, *Braidwood* shows why Billard cannot satisfy strict scrutiny (for either expressive association or RFRA). The allegedly "compelling interest" he offers—"eradicating sex discrimination"—is too "generalized" to prevail under RFRA or the First Amendment. Op.38-39; *see* Resp.47. And "forcing [religious employers] to hire and endorse the views of employees with opposing religious and moral views is not the least restrictive means of promoting that interest." Op.39; *see* Br.49-51.

In short, if the law protects a for-profit business when hiring any employee, it *a fortiori* protects a nonprofit Catholic school when hiring teachers to embody the faith. *See* Op.33-34 (noting that church employers qualified for Title VII's "express statutory religious exemption" and thus "were not subject to Title VII").

Billard's claim is barred by Title VII, RFRA, and the First Amendment.

Sincerely,

*/s/ Luke W. Goodrich*

| | |
|---|---|
| JOSHUA DANIEL DAVEY | LUKE W. GOODRICH |
| Troutman Pepper Hamilton Sanders LLP | NICHOLAS R. REAVES |
| | LAURA WOLK SLAVIS |
| 301 South College Street 34th Floor | The Becket Fund for Religious Liberty |
| Charlotte, NC 28202 | 1919 Pennsylvania Ave. N.W., Ste. 400 |
| (704) 916-1503 | Washington, DC 20006 |
| joshua.davey@troutman.com | (202) 955-0095 |
| | lgoodrich@becketlaw.org |

Counsel for Defendants-Appellants

Word Count: 349