

July 11, 2023

Via CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re:   *Billard v. Charlotte Catholic High School*, No. 22-1440

      **Response to Rule 28(j) Notice of Supplemental Authority for**
      *Braidwood Mgmt., Inc. v. EEOC*, No. 22-10145, 2023 WL 4073826 (5th Cir. June 20, 2023)

Dear Ms. Connor:

Defendants provide a misleading summary of *Braidwood*. Although the business in *Braidwood* raised arguments based on "Title VII, RFRA, and the First Amendment," it is misleading for Defendants to say that "[t]he business prevailed and the Fifth Circuit affirmed." The Fifth Circuit affirmed *only* with respect to the RFRA claim.

Defendants' four specific assertions about *Braidwood* are similarly misleading.

1. *Braidwood* did not address the scope of Section 702's religious exemption. Defendants' 28(j) letter claims that the Fifth Circuit "did not question" the district court's interpretation of Section 702, suggesting the court's approval. But the Fifth Circuit did not address the issue *at all*: "No party appeals this ruling on the merits, so we pretermit discussion of it." Op. 34 (footnote omitted).

2. *Braidwood* did not address whether RFRA applies to suits between private parties. The Fifth Circuit applied RFRA to a lawsuit against the EEOC.

3. *Braidwood* did not hold that Title VII burdened the business's expressive association. The Fifth Circuit declined to reach that constitutional question and vacated the district court's First Amendment holding. Op. 39 n.60. In the footnote cited by Defendants' 28(j) letter, the Fifth Circuit stated that



      employing LGBT people burdened the business's exercise of religion, but distinguished RFRA cases from free speech cases. Op. 37 n.57.

4. *Braidwood*'s RFRA holding conflicts with Fourth Circuit precedent. This Court (unlike the Fifth Circuit) has repeatedly held that prohibiting sex discrimination against non-ministerial employees is tailored to an interest of the highest order. Pls.' Br. 52. Moreover, Mr. Billard does not assert "a generalized interest in prohibiting all forms of sex discrimination" in the abstract. Op. 39. He asserts a compelling interest in remedying discrimination that has caused him identifiable harm. Pls.' Br. 53. Granting an exemption is not a less "restrictive means of promoting that interest." Op. 39 n.59. It fails to serve that interest at all.

Sincerely,

/s/Joshua A. Block
Joshua A. Block

*Counsel for Plaintiff-Appellee Lonnie Billard*

Word count:  315