

*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

August 23, 2023

VIA CM/ECF

Patricia S. Connor, Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

**Re:** *Billard v. Charlotte Catholic High School*, No. 22-1440
    Response to Rule 28(j) Notice of Supplemental Authority

    *McMahon v. World Vision, Inc.*, 2023 WL 4704711 (W.D. Wash. July 24, 2023) ("*McMahon*")

Dear Ms. Connor:

    Billard cites *McMahon* for the proposition that church autonomy doesn't apply when a religious employer "facially discriminates based on sex." But Billard and *McMahon* are mistaken.

    *McMahon* rejected World Vision's church-autonomy defense because, the court said, it could resolve the case without resolving "controversies over religious doctrine" or questioning "the reasonableness, validity, or truth of a religious doctrine." *Id.* at *4. But addressing religious doctrine isn't the only way to violate church autonomy.

    Under *Our Lady*, church autonomy protects not just "matters of faith and doctrine" but also "closely linked matters of internal government." 140 S.Ct. at 2060-61. This includes protection for "internal management decisions that are essential to the institution's central mission." *Id.* Such decisions can be protected even when they would otherwise violate neutral employment laws as facially discriminatory. *See Hosanna-Tabor*, 565 U.S. at 189 (citing male-only ordination); *Rayburn*, 772 F.2d at 1170-71 & n.9 (4th Cir. 1985) (same).

    Accordingly, courts have repeatedly applied the "broader church autonomy doctrine" to "personnel decision[s] based on religious doctrine"—including when facially discriminatory policies are challenged by non-ministers who violate church teaching. Br. 40-41 (quoting *Bryce*; citing *Garrick* and *Butler*). Those cases are right; *McMahon* is wrong.

    *McMahon* is also distinguishable. Billard's claim involves "the critical and unique role of [a] teacher in fulfilling the mission of a church-operated school," which raises



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 / @BecketLaw
www.becketlaw.org

"serious First Amendment questions." *Catholic Bishop*, 440 U.S. at 501, 504; Br. 42-44. The Supreme Court hasn't (yet) said the same thing about the role of a "customer service representative" in a multibillion-dollar aid organization like World Vision. *McMahon v. World Vision*, 2023 WL 3972060, at *3 (W.D. Wash. June 12, 2023).

Lastly, this isn't the first time Billard has invoked a dubious district court opinion. He invoked *Starkey*, which the Seventh Circuit didn't adopt and Judge Easterbrook criticized. Reply 9-10. And *Slattery*, which the Second Circuit reversed. 28(j) Letter (4/17/23). *McMahon* is likely short-lived, too, as the district court (at *5) asked for briefing on whether the plaintiff's claims are barred by the "remaining affirmative defenses" of Title VII's religious exemption and expressive association—as they are here.

                                                                 Sincerely,

                                                                 */s/ Luke W. Goodrich*

| | |
|---|---|
| JOSHUA DANIEL DAVEY, ESQ. | LUKE W. GOODRICH |
| Troutman Pepper Hamilton Sanders LLP | NICHOLAS R. REAVES |
| | LAURA WOLK SLAVIS |
| 301 South College Street 34th Floor | The Becket Fund for Religious Liberty |
| Charlotte, NC 28202 | 1919 Pennsylvania Ave. N.W., Ste. 400 |
| (704) 916-1503 | Washington, DC 20006 |
| joshua.davey@troutman.com | (202) 955-0095 |
| | lgoodrich@becketlaw.org |

                                    *Counsel for Defendants-Appellants*

Word Count: 350